No. 90-423

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

STATE OF MONTANA,

Plaintiff and Respondent,

v.

JOSEPH WILLIAM MILINOVICH,

Defendant and Appellant.

FILED

MAY 30 1991

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:     District Court of the First Judicial District,
                 In and for the County of Broadwater,
                 The Honorable Thomas C. Honzel, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                J. Cort Harrington, Helena, Montana
                Wendy Holton, Helena, Montana

        For Respondent:

                Honorable Marc Racicot, Attorney General,
                James Yellowtail, Asst. Attorney General,
                Helena, Montana; John T. Flynn, County
                Attorney, Townsend, Montana

Submitted on Briefs:   March 14, 1991

Decided:   May 30, 1991

Filed:

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Defendant and appellant, Joseph William Milinovich (Milinovich), entered an Alford plea of guilty to the offense of accountability for deliberate homicide, a felony. He subsequently moved to withdraw his guilty plea. The First Judicial District Court, Broadwater County, denied his motion and sentenced him to 60 years in the Montana State Prison. Milinovich appeals from the District Court's denial of his motion.

We affirm.

The sole issue raised on appeal is whether the District Court erred when it refused to allow Milinovich to withdraw his guilty plea.

The crime to which Milinovich pled guilty occurred in July 1989. A factual proffer filed at the time of the guilty plea states the circumstances of the homicide as follows:

Milinovich was hitchhiking in New Mexico when he met a carload of several men, women, and children traveling as a kind of family. He joined the group, which had a hierarchical structure and a vague, undefined criminal purpose. The group eventually entered Montana and purchased firearms with money acquired through panhandling. Somewhere west of Bozeman they met the victim, Larry Beckwith. Beckwith was traveling to Alaska in his pickup truck; the group decided to follow him and attempt to find work in Alaska.

Near Townsend, Montana, the group decided not to go to Alaska, but to rob Beckwith instead. The pickup truck containing the

2

victim Beckwith, the appellant Milinovich, and one of the other men, Duncan, pulled off of the road. The car containing the group was parked further down the road. Milinovich contends, although the State does not agree, that at this point Duncan forced him at gunpoint to hit the victim and strike him with a rock. Duncan then shot the victim five times in the head with a .22 caliber pistol.

The group continued on in the car and truck until the truck apparently quit running, at which time it was set afire. They went on to Las Vegas and checked into a motel. Milinovich and Duncan went out to a nightclub.

Milinovich, Duncan, and one of the women went out the next day ostensibly to panhandle money. Instead they traveled to Texas, where Duncan was arrested and jailed for driving while intoxicated. At the time of Duncan's arrest, Milinovich gave a false name to the authorities. He and the woman traveled to Missouri where he spent a few days, and he then proceeded without her to Baltimore, Maryland, where he was apprehended and returned to Montana.

Milinovich initially pled not guilty to one charge of robbery and two charges of deliberate homicide, charged alternatively. Pursuant to a written plea agreement, Milinovich changed his plea of not guilty to an Alford guilty plea to deliberate homicide by accountability, a felony. The charge of robbery and the alternative charge of deliberate homicide were dismissed. A statutory notice of the defense of compulsion was filed at the same

3

time. Also at this time, the court ordered a pre-sentence investigation of Milinovich.

At sentencing, Milinovich moved the court for permission to withdraw his guilty plea. His two grounds for the motion were that the State had violated the plea agreement through a recommendation in the pre-sentence investigation, and that potential exculpatory evidence had surfaced through the pre-sentence investigation. The court denied the motion.

Did the District Court err when it refused to allow Milinovich to withdraw his guilty plea?

Section 46-16-105(2), MCA, controls withdrawal of a plea:

> At any time before or after judgment the court may, for good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted.

Milinovich maintains that "good cause" in this case is evidenced by the State's violation of the plea agreement, and by the discovery of potentially exculpatory evidence that would support his defense of compulsion. We disagree.

The pertinent part of the plea agreement entered into by Milinovich and the county attorney states that the "prosecutor shall, at the time of sentencing, make no recommendation to the Court relative to a term of years to be served . . . ." The pre-sentence investigation prepared by the probation/parole officer recommended that Milinovich be sentenced to 100 years in the Montana State Prison and be designated a Dangerous Offender for purposes of parole eligibility. Milinovich contends that the

4

parole officer's recommendation is equivalent to a recommendation by the prosecutor, and therefore is a violation of the plea agreement.

The pre-sentence investigation prepared by the parole/probation officer is authorized by § 46-18-111, MCA, and its contents are spelled out in § 46-18-112, MCA. Section 46-18-112, MCA, states:

> Whenever an investigation is required, the probation officer shall promptly inquire into the characteristics, circumstances, needs, and potentialities of the defendant; his criminal record and social history; the circumstances of the offense; the time the defendant has been in detention; and the harm to the victim, his immediate family, and the community. . . . The investigation shall include a physical and mental examination of the defendant when it is desirable in the opinion of the court.

A sentencing recommendation is merely a factor that may or may not be considered by the judge, as § 46-18-103, MCA, makes sentencing the exclusive province of the judge. "All sentences under this chapter shall be imposed exclusively by the judge of the court." Section 46-18-103, MCA.

The first basis of Milinovich's claim is without foundation because the recommendation was a part of the statutorily authorized pre-sentence investigation, not a breach of the prosecutor's agreement.

Next, Milinovich asserts that when he entered his plea he was under the impression that he knew all of the statements that had been made by his co-defendants. His pre-sentence investigation,

5

ordered after he entered his plea of guilty, referred to statements by a co-defendant made to the parole officer. Further investigation of those statements led Milinovich to believe that those statements had potential exculpatory value, and would support his defense of compulsion. Specifically, the co-defendant implied that Milinovich had not been present when the decision to rob the victim was made. Milinovich promptly moved to withdraw his plea when he discovered this statement.

This Court recently stated in State v. Miller, 48 St. Rep. 389, 390, (1991):

> The fundamental purpose of allowing a defendant to withdraw a guilty plea is to prevent the possibility of convicting an innocent man. Accordingly, a plea of guilty will be deemed involuntary where it appears that the defendant was laboring under such a strong inducement, fundamental mistake, or serious mental condition that the possibility exists he may have pled guilty to a crime of which he is innocent.

(Citations omitted.)

While Milinovich may not have been present at the specific moment the robbery was mentioned, his actions prior and subsequent to the crime far outweigh any exculpatory value the co-defendant's statement might have. Although the following statement by the court refers to the reasons for Milinovich's sentence, it is instructive as to the reason the single statement by the co-defendant is not sufficient to support a compulsion defense, and concomitant withdrawal of the guilty plea:

6

> You knew of the plans to rob Mr. Beckwith.  Despite your indication of your words, the evidence points to it, and there is no doubt in my mind that you were aware of it. Mazurkiewcz and you had a discussion about a tire caddy. . . .  You struck Beckwith not only with your fist, but with a rock.  You were riding in the truck with Beckwith. . . .  You may not have intended to have anything to do with the murder of Mr. Beckwith, but you were certainly involved in the robbery. . . .
>
> It's a tragic situation.  And you were a part of that, and you have to pay for it.

The statement by the court, coupled with the fact that Milinovich did nothing to warn the victim of potential trouble, or to notify the police after the crime had been committed, far outweighs any evidence supporting a defense of compulsion.  We hold that the District Court did not abuse its discretion in denying Milinovich's motion to withdraw  his plea of guilty.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

7