No.  **91-299**

IN THE SUPREME COURT OF THE STATE OF MONTANA

**1992**

STATE OF MONTANA,

      Plaintiff and Respondent,

  -vs-

LANCE THOMAS SHANNON,

      Defendant and Appellant.

**FILED**

JAN 1 4 1992

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Eighth Judicial District,
In and for the county of Cascade,
The Honorable Joel Roth, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      June Lord, Attorney at Law, Great Falls, Montana.

      For Respondent:

      Marc Racicot, Attorney General, Carol E. Schmidt,
Assistant Attorney General, Helena, Montana
Patrick L. Paul, Cascade County Attorney, Great
Falls, Montana.

Submitted on Briefs:  December **19, 1991**

Decided:  January **14, 1992**

**Filed:**

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

The defendant, Lance Thomas Shannon, appeals from a Judgment of Conviction and Sentencing Order of the District Court for the Eighth Judicial District, Cascade County. We affirm.

The sole issue on appeal is whether the District Court abused its discretion in denying Shannon's motion to withdraw a guilty plea.

The defendant was charged with felony theft pursuant to § 45-6-301(1)(a), MCA, on March 16, 1990. On March 27, 1990, Shannon pled not guilty to the offense. Subsequently, a plea agreement was entered into in which Shannon agreed to plead guilty and the County Attorney agreed to recommend that Shannon receive a deferred sentence and pay restitution of monies.

Following the plea agreement, but before sentencing, Shannon moved the court to withdraw his guilty plea on the basis of his discovery of evidence corroborating his innocence. The District Court heard oral arguments on Shannon's motion and, on February 26, 1991, denied that motion. The defendant was sentenced on March 15, 1991.

The defendant was hired as a manager of the Wild Rose Casino in Great Falls in June of 1989. From about October 1, 1989, through January 20, 1990, Shannon wrote a series of eleven checks totalling over $2,000 on the casino's business account with himself as payee. The account ledger shows that the checks had been written to vendors. The owner of the casino eventually discovered

the discrepancies, and this action ensued.

The defendant claimed that the checks written to himself were in recompense for repair work he had done for his employer's business. He sought to withdraw his guilty plea because he discovered that one of the vendors had receipts which would confirm this claim.

The court concluded that the "new evidence" was not unknown to Shannon when he pled guilty in August of 1990. Further, the court determined that the evidence asserted as new by Shannon had no bearing on the defendant's testimony at the hearing which resulted in the entry of his guilty plea.

Defendant contends that withdrawal of guilty plea can be premised upon some mistake or misapprehension and that he was under the misapprehension that no evidence existed to support his contentions. Therefore, he asserts that the court abused its discretion in denying his motion.

It is true that certain mistakes or misapprehensions can provide an appropriate basis for withdrawal of a guilty plea. However, the District Court correctly determined that withdrawal of a plea premised on a mistake or misapprehension must relate to the consequences of the plea itself and not to an analysis of the evidence in the case. State v. Milinovich (Mont. 1991), 812 P.2d 338, **48** St.Rep. 470. The court did not abuse its discretion in denying Shannon's motion to withdraw his guilty plea.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited **as**

precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

Affirmed.

_____
Justice

We concur:

_____
_____
_____
_____
Justices

4

January **14, 1992**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


June Lord
Attorney at Law
600 Central Plaza, No. **400**
Great Falls, MT   **59401**

Hon. Marc Racicot, Attorney General
**,** Assistant Attorney General
Justice Building
Helena, MT  **59620**

Patrick L. Paul, Cascade County Attorney
J. Kim Schulke, Deputy County Attorney
Cascade County Courthouse
Great Falls, MT  **59401**


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy