2009 WY 74

**Brian Lee DUKE, Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

**Nos. S–07–0298, S–08–0132.**

Supreme Court of Wyoming.

June 3, 2009.

Representing Appellant: Diane M. Lozano, State Public Defender; Tina N. Kerin, Appellate Counsel; Eric M. Alden, Senior Assistant Appellate Counsel. Argument by Mr. Alden.

Representing Appellee: Bruce A. Salzburg, Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Graham M. Smith, Assistant Attorney General. Argument by Mr. Smith.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Brian Duke pled guilty to third-degree sexual assault pursuant to a plea agreement. On appeal, he alleges several errors. Principally, he contends that he should have been allowed to withdraw his guilty plea because the State breached the plea agreement. According to Mr. Duke, the agreement was breached because the presentence investigation report (PSI) contained a recommendation for the imposition of a more severe sentence than that agreed to by the prosecutor in the plea agreement. We find no error and affirm.

### ISSUES

[¶ 2] Mr. Duke presents the following issues:

1. Did the State breach the plea agreement?

2. Was Mr. Duke's plea voluntary?

3. Did the prosecutor engage in misconduct?

4. Did the district court violate W.R.Cr.P. 32(a)(3)(A) or (C)?

5. Did the court violate Wyo. Stat. Ann. §§ 7–13–1301 through 7–13–1304 (LexisNexis 2005) when it sentenced Mr. Duke?

1. Wyo. Stat. Ann. § 6–2–304(a) (LexisNexis 2005) stated, in relevant part:

> (a) An actor commits sexual assault in the third degree if, under circumstances not constituting sexual assault in the first or second degree:
> (i) The actor is at least four (4) years older than the victim and inflicts sexual intrusion on a victim under the age of sixteen (16) years; . . . .

In 2007, the legislature significantly revised the sexual assault statutes. 2007 Wyo. Sess. Laws

### FACTS

[¶ 3] Mr. Duke was charged with one count of third-degree sexual assault in violation of Wyo. Stat. Ann. § 6–2–304(a)(i) (LexisNexis 2005).[1] Prior to trial, a change of plea hearing was held and, in accordance with a plea agreement, Mr. Duke pled guilty to the charge. The terms of the agreement were set forth in a letter from the prosecuting attorney to counsel for Mr. Duke. The agreement was also recited in open court at the hearing.

[¶ 4] Before accepting the guilty plea, the district court advised Mr. Duke that the court was not bound by the plea agreement or required to impose the recommended sentence. The court specifically advised Mr. Duke:

> The Court: You understand that this plea agreement is merely a recommendation of sentencing to the Court, the Court is not bound by that recommendation. You could receive a sentence that is more harsh than the terms of the plea agreement, and under the Wyoming Rules of Criminal Procedure, Rule 11(e)(1)(B), you will not be allowed to withdraw your plea of guilty if you receive a sentence that is more harsh. Do you understand all that?
>
> The Defendant: Yes, sir.
>
> The Court: You understand you will not be sentenced today, but instead the Court will order a presentence investigation and ASI [Addiction Severity Index] evaluation, and sentencing will only occur after receipt of those two documents. Do you understand that?
>
> The Defendant: Yes, sir.

Mr. Duke confirmed that he had not been threatened or forced to enter into the agreement and also confirmed that no other prom-

ch. 159. As part of that revision, subsection (a)(i) was removed from Wyo. Stat. Ann. § 6–2–304. Section 6–2–314, entitled "Sexual abuse of a minor in the first degree; penalties" was added. That section includes the following provision:

> (a) An actor commits the crime of sexual abuse of a minor in the first degree if:
> (i) Being sixteen (16) years of age or older, the actor inflicts sexual intrusion on a victim who is less than thirteen (13) years of age; . . . .

ise or agreement had been made in order to induce him to change his plea. The district court placed Mr. Duke under oath and Mr. Duke provided testimony relating to the charge. The court determined that Mr. Duke's testimony established a factual basis for the plea and accepted and entered the guilty plea. The court then ordered a presentence investigation and an ASI evaluation.

[¶ 5] The PSI was submitted to the court on October 19, 2007. The report indicated that it was prepared by a probation and parole agent with the Sweetwater County office of the Wyoming Department of Corrections, Division of Field Services. The report noted that Mr. Duke pled guilty pursuant to a plea agreement, and accurately stated that the agreement provided for a recommended sentence of three to six years at the Wyoming State Penitentiary, with a referral to the Youthful Offender's Program (Boot Camp). The report also contained a section entitled *Evaluation & Recommendation* that included the following passage:

> The Defendant takes no accountability for his actions in the present offense, nor did he show any remorse for his actions for his prior convictions. Regarding same, he told this agent this was the "second time [he] was set up for something like this." Given that the Defendant has a significant history of sexually assaulting young girls, has had extensive counseling for same and still committed the instant offense, he clearly is a threat to the community. It is recommended he be incarcerated for the maximum allotted time. Should the Defendant be released [i]nto community supervision at any time, it is recommended that sex offender conditions be imposed.

The PSI concluded with this recommendation: "May it be respectfully recommended that the Defendant, BRIAN LEE DUKE, be denied the privilege of probation."

[¶ 6] At the sentencing hearing, defense counsel contended that the PSI contained several factual inaccuracies. In order to preserve context, we present the entire exchange from the record:

> The Court: [Defense Counsel], have you received both documents [the PSI and ASI report] in a timely manner?

[Defense Counsel]: Yes, Your Honor.

The Court: Are there any additions, deletions, or corrections to those documents?

[Defense Counsel]: Yes, Your Honor. Beginning on page 4 of the presentence investigation, Roman numeral III, prior offense history, there's a juvenile court history dated 12/15/02. My client would like to make a note that he was never charged for this burglary. He did go to the juvenile diversion program on January 1, 2003. That's listed in the disposition and date paragraph, however not for the burglary.

The Court: The Court will delete that offense and not consider it in sentencing. Anything else?

[Defense Counsel]: Yes, Your Honor. On page 5, on the cruelty to animal charge misdemeanor, my client would like to make a note that he wasn't charged with this. On the disposition, it does say dismissed.

The Court: The Court will delete that reference and not consider it in sentencing. Anything else?

[Defense Counsel]: On the offense of attempted rape, my client would like to make a note it was reduced to battery with intent to commit a serious felony, which was a misdemeanor offense.

The Court: The attempted rape charge will be considered as a misdemeanor.

[Defense Counsel]: On page 6, under the adult court history title, the last offense listed there, my client is unaware of what the endangering the welfare of a minor— what that citation is about.

The Court: That offense will be deleted and will not be considered by the Court.

[Defense Counsel]: On Page 8, under marital status, it is listed a current spouse or significant other. The young lady listed there as his girlfriend, she is not his girlfriend anymore.

The Court: That change is noted.

[Defense Counsel]: On page 9, under the employment section, the unemployment date since, it says February 3, 2007. However, he still had his job available to him until March.

The Court: Anything else?

[Defense Counsel]: Pardon?

The Court: Anything else?

[Defense Counsel]: Under the evaluation recommendation, page 12—this is Roman numeral VII. The parts where the agent is making [her] recommendation, [she's] using the burglary and attempted rape and cruelty to animals, which were the additions and deletions which we have discussed just now. And that is all, Your Honor.

The court then heard argument from Mr. Duke and the State. The State recommended the agreed-upon sentence as follows:

> Your Honor, the State would ask that you sentence the defendant per the plea agreement. Penitentiary time is—is important in this case. It's appropriate in this case. We're talking about a 12-year-old girl who he had sex with. If this had been charged under the new statutes that were passed under—as of July 1, he would be looking at substantially more time due to that age difference.

> Also, the Court can consider, you know, the underlying facts of that prior offense. You know, there's prior sexual misconduct by this defendant. And that's why I think penitentiary time—the State's pursuing penitentiary time in this case.

> It's not part of the plea agreement and it's not part of our sentencing worksheet, but something I think would be important for the Court to consider and benefit the defendant is some type of psychosexual evaluation and treatment. Maybe that's something he can begin at the penitentiary.

> I do have faith in the boot camp program. They do an excellent job up there. He's of such a young age that—he won't even turn 18 until, I think, later this month—or, actually, until January. I think given a shot, due to his age, at the boot camp would be important, because that would be followed by a period of supervision. However, based upon his previous history, this being an additional sexual offense, I'd ask the Court to accept the plea agreement.

Defense counsel also urged the court to sentence Mr. Duke in accordance with the plea agreement.

[¶ 7] The district court did not accept the recommendation and, instead, sentenced Mr. Duke to ten to fifteen years of imprisonment. Mr. Duke appealed. His appeal was docketed as case number S–07–0298. While his appeal was pending, Mr. Duke filed a motion in the district court to withdraw his guilty plea. He claimed that the plea agreement bound not just the prosecutor's office, but also the Department of Corrections, and more specifically, the probation agent who prepared the PSI. Consequently, he contended that the sentencing recommendation in the PSI violated the agreement. We stayed briefing in Mr. Duke's direct appeal pending resolution of this motion.

[¶ 8] The district court found no breach of the plea agreement and denied Mr. Duke's motion to withdraw his plea. Mr. Duke appealed from the order, and that appeal was docketed in this Court as case number S–08–0132. Mr. Duke moved for consolidation of the two cases. We granted that motion.

## DISCUSSION

### Violation of Plea Agreement

[¶ 9] Whether a breach of a plea agreement has occurred is a question of law that we review *de novo*. *Frederick v. State*, 2007 WY 27, ¶ 13, 151 P.3d 1136, 1141 (Wyo. 2007).

[¶ 10] Mr. Duke contends that the language of the plea agreement bound the probation agent who prepared the PSI because the probation agent was acting as an agent of the State when preparing the PSI. He also suggests that the prosecutor improperly influenced the probation agent, resulting in the agent recommending a more severe sentence. The State contends that the prosecutor did not violate the terms of the plea agreement and that the probation agent served as an agent of the sentencing court, not the State.

[¶ 11] The district court, in its decision letter, resolved these questions in favor of the State:

> The Deputy Carbon County and Prosecuting Attorney twice requested at De-

fendant's Sentencing Hearing that the sentencing court accept the plea agreement.... Therefore, the attorney for the state properly recommended a particular sentence pursuant to the plea agreement and in accordance with her duties under W.R.Cr.P. 11(e)(1)(B).

...

[T]he Wyoming Department of Probation and Parole acts on behalf of an independent judiciary when it compiles a PSI for the court. The Wyoming Department of Probation and Parole is not an agent of the prosecutor but rather serves the sentencing court. Because the Wyoming Department of Probation and Parole is not an agent of the prosecutor, it cannot be bound by a plea agreement between Defendant and the prosecutor. Thus, a harsher recommendation from the Wyoming Department of Probation and Parole than that agreed to by the prosecutor is not a breach of the plea agreement.

We agree with the district court.

■ [¶ 12] We first examine whether the prosecutor complied with the terms of the plea agreement. We have stated the following regarding plea agreements:

A plea agreement is a contract between the defendant and the State to which the general principles of contract law are applied. "When determining whether a breach of the plea agreement has occurred we: '(1) examine the nature of the promise; and (2) evaluate the promise in light of the defendant's reasonable understanding of the promise at the time the plea was entered.'" *Ford v. State*, 2003 WY 65, ¶ 11, 69 P.3d 407, 410 (Wyo.2003). The prosecutor "must explicitly stand by" the terms of any agreement; and if the State is unable to carry out the terms, the correct remedy is withdrawal of the plea. *Ford*, ¶ 18, 69 P.3d at 412. The State may not obtain the benefit of the agreement and at the same time avoid its obligations without violating either the principles of fairness or the principles of contract law. *Id.*

*Frederick*, ¶ 13, 151 P.3d at 1141.

[¶ 13] The terms of the plea agreement were detailed in a letter from the prosecutor to defense counsel. The letter stated:

If your client were to enter a plea of Guilty on the charge of Third Degree Sexual Assault, the State would recommend the following to the Court pursuant to W.R.Cr.P. Rule 11(e)(1)(B):

We would ask that your client be sentenced to a term of incarceration of not less than Three (3) years, nor more than Six (6) years at the Wyoming State Penitentiary. He would be given credit off of both his minimum and maximum term for any time which he has spent in jail on this charge. In addition the State would recommend your client for the Boot Camp program, and upon successful completion of the program, the State would concur with a Motion for Sentence Reduction as recommended by his Boot Camp Program advisors.

The letter was read aloud by the judge at the change of plea hearing. Mr. Duke, his attorney, and the prosecutor confirmed that the letter accurately reflected the terms of the agreement. The letter reflects, and it is undisputed, that the plea agreement was entered into pursuant to W.R.Cr.P. 11(e)(1)(B), which states:

(1) In General. The attorney for the state and the attorney for the defendant or the defendant when acting pro se may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty or nolo contendere to a charged offense or to a lesser related offense, *the attorney for the state will do any of the following:*

...

(B) *Make a recommendation,* or agree not to oppose the defendant's request, for a particular sentence, *with the understanding that such recommendation or request shall not be binding upon the court;*

(Emphasis added.)

■ [¶ 14] In order to determine whether the plea agreement was breached, our first step is to identify the promises made by the State in the agreement. Fortunately, the agreement is in writing and there is no dis-

pute regarding its terms. In the first paragraph of the agreement, the prosecutor stated that, in return for a guilty plea, "the State would recommend the following to the Court pursuant to W.R.Cr.P. Rule 11(e)(1)(B)." Mr. Duke contends that this language binds "the State," which includes not just the prosecutor, but also the probation agent who prepared the PSI. The district court rejected this argument, and so do we.

[¶ 15] The agreement does not mention the PSI or indicate any intention to limit the contents of the report. Before entering his guilty plea, Mr. Duke was advised that the district court would order and review a PSI prior to deciding upon an appropriate sentence. "[T]he trial court is given broad discretion to consider a wide variety of factors about the defendant and his crimes." *Mehring v. State*, 860 P.2d 1101, 1115 (Wyo. 1993). We have previously recognized that a sentencing recommendation contained in a PSI is one of the factors that a court may properly consider in determining the appropriate sentence to impose. *Id.* The plea agreement between Mr. Duke and the State specifies that the recommendation from the prosecutor would be made "to the Court pursuant to W.R.Cr.P. Rule 11(e)(1)(B)." That rule clearly and unambiguously states that the agreed-upon recommendation will be made by "[t]he attorney for the state." It is undisputed that the prosecutor made the required recommendation at the sentencing hearing. Accordingly, we find that the record clearly shows that the prosecutor adhered to the terms of the plea agreement.

[¶ 16] We next address Mr. Duke's contention that the probation officer was acting as an agent of the State. We have not addressed the question of whether a probation agent who prepares a PSI is an agent of the sentencing court or of the State, but courts in other jurisdictions have. Those confronted with facts similar to those in Mr. Duke's case have determined that the probation agent, when preparing a PSI, is acting as an agent of the sentencing court. For example, the Washington Supreme Court determined that "a CCO [Community Corrections Officer] acts on behalf of the court when it provides information through a pre-sentence report." *State v. Sanchez*, 146 Wash.2d 339, 46 P.3d 774, 781 (2002). It concluded that the CCO who prepares the PSI is not bound by the plea agreement: "the CCO has an independent duty of investigation and recommendation in these cases. The CCO is not part of the prosecution team. The CCO was not involved in the preparation of, nor the promises made in, the plea agreement." *Id.* The Wisconsin Supreme Court has arrived at the same conclusion:

[T]he preparer of a presentence report is to be a neutral and independent participant in the sentencing process. It necessarily follows that a parole or probation officer acts on behalf of an independent judiciary, not as an agent of the state, in preparing a presentence report. Like the sentencing court, the preparer of a presentence report is neither a party to nor bound by a plea agreement between the defendant and the state and, therefore, cannot breach the terms of that agreement in preparing the report.

. . .

We conclude that, in preparing the presentence report, the probation officer was acting on behalf of an independent judiciary and not as an agent of the state. Accordingly, we hold that the probation officer was neither a party to nor bound by the plea agreement between the defendant and the state and could not breach the terms of that agreement by including a recitation of the dismissed counts in the presentence report.

*State v. McQuay*, 154 Wis.2d 116, 452 N.W.2d 377, 383–84 (1990). In Montana, a probation officer's sentencing "recommendation [is] part of the statutorily authorized pre-sentence investigation, not a breach of the prosecutor's agreement." *State v. Milinovich*, 248 Mont. 373, 812 P.2d 338, 340 (1991), *overruled on other grounds by State v. Deserly*, 344 Mont. 468, 188 P.3d 1057 (2008). The court reaffirmed this conclusion in *State v. Yother*, 253 Mont. 128, 831 P.2d 1347, 1352 (1992) (a "probation officer's recommendation . . . is not equivalent to a recommendation by the prosecutor").

[¶ 17] To the extent that our case law touches this issue, we have not found a viola-

tion of a plea agreement when the PSI contains a more severe sentencing recommendation. In *Mehring,* the defendant was charged with eight counts of second-degree sexual assault and two counts of third-degree sexual assault. 860 P.2d at 1105. He entered into a plea agreement with the State providing that he would plead guilty to two counts of second-degree sexual assault, and the State would move to dismiss the remaining counts. *Id.* The State also agreed to recommend a sentence of 10–25 years imprisonment on each count, to be served concurrently. *Id.* at 1109. The PSI, however, contained a recommendation for a more severe sentence. *Id.* at 1115. In the PSI, the Probation/Parole Agent recommended that Mr. Mehring be sentenced to a minimum of 20 years imprisonment. *Id.* On appeal, Mr. Mehring challenged the propriety of the district court's consideration of the sentencing recommendation portion of the PSI. *Id.* He claimed that, because W.R.Cr.P. 32 did not require that a sentence recommendation be included in the PSI, it was improper for a sentencing court to consider the recommendation. *Id.* We upheld the sentence and found no abuse of discretion in the inclusion of the recommendation in the PSI. *Id.* at 1115.

[¶ 18] Mr. Duke relies upon a number of decisions that are factually distinguishable from his case. These decisions roughly fall into two categories. The first includes cases where police or other law enforcement officials made recommendations for sentences more severe than those recommended by the prosecutor pursuant to the plea agreement. For example, in *State v. Matson,* the recommendation for a longer sentence came in a letter, written on police department letterhead, from a police detective who had been involved in the investigation of the case. 268 Wis.2d 725, 674 N.W.2d 51, 54 (App.2003). The Wisconsin court held that the detective's letter breached the agreement. It stated:

> Because an investigative officer is the investigating arm of the prosecutor's office, principles of fairness and agency require us to bind the investigating officer to the prosecutor's bargain.... Investigating officers are so integral to the prosecutorial effort that to permit one to undercut a plea

agreement would, in effect, permit the State to breach its promise.

*Id.* at 57–58. To similar effect are *United States v. Harvey,* 791 F.2d 294 (4th Cir.1986), and *Lee v. State,* 501 So.2d 591 (Fla.1987). *Cf. Allen v. Hadden,* 57 F.3d 1529 (10th Cir.1995) (harmless error where charge dismissed pursuant to plea agreement was mentioned in PSI in later case, but did not affect sentence). In Mr. Duke's case, the probation officer who prepared the PSI was neither an employee nor part of the "investigative arm" of the prosecutor's office.

[¶ 19] In the remaining distinguishable cases cited by Mr. Duke, the prosecutor undermined the State's sentencing recommendation. For example, in *State v. Sledge,* the prosecutor recommended the agreed-upon sentence, but then undermined the recommendation by presenting witness testimony of the probation officer who detailed a number of aggravating factors, and recommended a much longer sentence. 133 Wash.2d 828, 947 P.2d 1199, 1200 (1997). The Washington Supreme Court found that this constituted a breach of the plea agreement because, while "[t]he recommendation need not be made 'enthusiastically,'" the prosecutor may not actively undermine it. *Id.* at 1205. Similarly, in *State v. Chetwood,* the prosecutor made the agreed-upon sentencing recommendation, but improperly undermined it by presenting the testimony of an officer who recommended a more severe sentence. 38 Kan. App.2d 620, 170 P.3d 436, 438 (2007).

[¶ 20] Mr. Duke suggests several times in his brief that the prosecutor in this case undermined the plea agreement by exercising influence over the probation agent who wrote the PSI. For example, he states: "it is clear that the [PSI] writer was more of a surrogate [of the prosecutor] than an independent voice." We find no support for Mr. Duke's allegations. The record does not show any communication between the prosecutor and the probation agent regarding the sentence recommendation, nor is there any evidence that the prosecutor attempted to influence the recommendation in any way.

■ [¶ 21] In summary, we find no indication that the prosecutor breached the

terms of the plea agreement. The record shows that the attorney for the State followed the explicit terms of the agreement, in conjunction with W.R.Cr.P. 11(e)(1)(B), and made the required recommendation. We find that the probation agent preparing a PSI report acts as an agent of the sentencing court, not of the prosecution, and is not bound by the plea agreement.[2] There is no evidence in the record to suggest that the prosecutor improperly influenced the probation agent or otherwise undermined the State's sentencing recommendation.[3]

### Standard of Review for Remaining Issues

■ [¶ 22] Mr. Duke did not object in the district court to the remaining alleged errors. We will review for plain error. In order to show plain error, Mr. Duke must demonstrate that: " '1) the record is clear about the incident alleged as error; 2) there was a transgression of a clear and unequivocal rule of law; and 3) the party claiming the error was denied a substantial right which materially prejudiced him.' " *Evenson v. State*, 2008 WY 24, ¶ 7, 177 P.3d 819, 823 (Wyo.2008) (quoting *Talley v. State*, 2007 WY 37, ¶ 9, 153 P.3d 256, 260 (Wyo.2007)). We note that the record clearly shows all incidents alleged as error.

### Voluntariness of Guilty Plea

■ [¶ 23] Mr. Duke contends that his guilty plea was not voluntary because he was not informed by the court of an affirmative defense available to him. Prior to accepting a guilty plea, the district court must advise the defendant of "[t]he nature of the charge to which the plea is offered." W.R.Cr.P. 11(b)(1). To be informed of "the nature of the charge" means that the defendant must be aware of "what acts were nec-

essary to establish guilt." *Sanchez v. State*, 592 P.2d 1130, 1135 (Wyo.1979). In this case, the court was required to advise Mr. Duke of the elements of third-degree sexual assault, Wyo. Stat. Ann. § 6–2–304(a)(i). Those elements are the *actus reus* of sexual intrusion and the attendant circumstances that the actor is at least four years older than the victim, who is less than 16 years old.

[¶ 24] Mr. Duke correctly notes that, for a person charged with violating Wyo. Stat. Ann. § 6–2–304(a)(i), "it is an affirmative defense that the actor reasonably believed that the victim was sixteen (16) years of age or older." Wyo. Stat. Ann. § 6–2–308(a). He asserts that, although he was properly advised of the crime he was charged with, the district court should have advised him of this affirmative defense. In order to prevail based on plain error, Mr. Duke must demonstrate the violation of a clear and unequivocal rule of law. Mr. Duke cites no authority requiring a trial court to inform a criminal defendant of potential defenses to the charged crimes. Similarly, he points to no authority requiring that a defendant be permitted to withdraw a guilty plea if the court fails to advise the defendant of available affirmative defenses. We have not previously addressed this issue. Decisions from other jurisdictions suggest that Mr. Duke's position is incorrect as a matter of law. *See, e.g.*, *Mitchell v. Scully*, 746 F.2d 951, 956 (2d Cir.1984) ("[D]ue process does not require that a defendant be advised of every basis on which he might escape or receive a lesser punishment for an offense that he has committed."); *State v. Reynolds*, 40 Ohio St.3d 334, 533 N.E.2d 342, 343–44 (1988) (trial court not required to advise defendant represented by counsel of statutory affirmative defenses). Mr. Duke has failed to establish

---

2. This conclusion is consistent with Wyo. Stat. Ann. § 7–13–407(a)(ii), which requires probation and parole agents to "[i]nvestigate all cases referred by any court ... and report to the court ... in writing."

3. As additional support for his contention that he should have been allowed to withdraw his guilty plea, Mr. Duke asserts that his plea was not voluntary because it was falsely induced. Specifically, Mr. Duke alleges that the prosecutor "represented to [him] that upon his entry of a guilty plea he would be sentenced with a single agreed

recommendation," and he "accepted the offer with that understanding." According to Mr. Duke, "[i]f the promise he relied upon was not what it appeared to be, it was false inducement," regardless of the intention of the prosecutor. Mr. Duke did not raise this issue in the district court, and there is no evidence in the record to suggest Mr. Duke believed that the plea agreement bound the probation agent who prepared the PSI. Absent evidentiary support, we will not further consider this assertion.

the violation of a clear and unequivocal rule of law.

### Prosecutorial Misconduct

[¶ 25] At the sentencing hearing, Mr. Duke alleged several inaccuracies in the PSI. Of relevance to this discussion, the report listed an Idaho offense dated June 10, 2003 as "Attempted Rape." The description states the following: "According to the charging document filed in this matter, the Defendant attempted an act of sexual intercourse with [JM], who resisted, but whose resistance was overcome by force and violence. This agent received no further details of this offense." This entry was discussed at the sentencing hearing:

> [Defense Counsel]: On the offense of attempted rape, my client would like to make a note it was reduced to battery with intent to commit a serious felony, which was a misdemeanor offense.
>
> The Court: The attempted rape charge will be considered as a misdemeanor.

[¶ 26] Later, during the State's sentencing argument, the prosecutor made reference to Mr. Duke's criminal history and referred to the crime under consideration as "an additional sexual offense." Mr. Duke contends that the prosecution's reference to the prior offense was improper because it referred to "unproven or unsubstantiated allegations."

[¶ 27] At no time did Mr. Duke contest the underlying facts of the offense, nor did he contend that it was not in fact originally charged as attempted rape. He only requested that the court note that the offense had been reduced to a misdemeanor. The prosecutor did not make any reference to the level of this offense during her sentencing argument. She explicitly limited argument to "the underlying facts of that prior offense." Additionally, the PSI contains two other incidents of alleged, but uncharged, sexual misconduct. In each case, Mr. Duke was alleged to have brought a woman to his bedroom, locked the door, and attempted to assault her. In both cases, the women escaped. Mr. Duke did not contend at the sentencing hearing that the Probation/Parole Agent inaccurately related these incidents. Mr. Duke has failed to demonstrate that a clear and unequivocal rule of law was violated.

### Alleged Violations of W.R.Cr.P. 32

[¶ 28] W.R.Cr.P. 32(a)(3)(A) requires that "[a]t least 10 days before imposing sentence, unless this minimum period is waived by the defendant, the court shall provide the defendant and the defendant's counsel with a copy of the [PSI]." Mr. Duke asserts that the rule was violated because he received the PSI on the day he was sentenced and did not waive the 10–day requirement. As illustrated by the following exchange, Mr. Duke waived the 10–day notice requirement:

> The Court: Have you received a copy of the presentence investigation report and ASI [Addiction Severity Index] evaluation?
>
> The Defendant: I received it here at the courthouse, Your Honor.
>
> The Court: You just now received it this morning?
>
> The Defendant: Yes, Your Honor.
>
> The Court: So you've not had the opportunity to review it, to—
>
> The Defendant: I have.
>
> The Court: —discuss it with your attorney?
>
> The Defendant: I have. We discussed it just on the bench right there.
>
> The Court: Have you had all the time that you need?
>
> The Defendant: Yes, Your Honor.

[¶ 29] In addition, the record clearly shows that the PSI was filed on October 22, 2007, well in advance of the November 5, 2007 sentencing hearing. The district court also separately asked Mr. Duke's counsel whether she received the PSI "in a timely manner," and counsel responded affirmatively.

[¶ 30] Mr. Duke contends on appeal that he has significant literacy limitations that prevented him from reading and understanding the PSI in the time provided. He contends that this is demonstrated by the poor quality of the written statement provided to the Probation/Parole Agent and included in the PSI. We find that this allegation is not

supported by the record. While Mr. Duke's written statement does contain some grammar and spelling errors, it is clearly comprehensible and provides no evidence that Mr. Duke was unable to understand the PSI. We find no violation of W.R.Cr.P. 32(a)(3)(A) given this record.

■ [¶ 31] Mr. Duke also contends that the district court violated W.R.Cr.P. 32(a)(3)(C). That provision provides, in relevant part:

> If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make:
>
> (i) A finding as to the allegation; or
>
> (ii) A determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to penal institutions.

During the sentencing hearing, after defense counsel made several suggested corrections that the court accepted, the following exchange occurred:

> The Court: Anything else?
>
> [Defense Counsel]: Under the evaluation recommendation, page 12—this is Roman numeral VII. The parts where the agent is making [her] recommendation, [she's] using the burglary and attempted rape and cruelty to animals, which were the additions and deletions which we have discussed just now. And that is all, Your Honor.

[¶ 32] Mr. Duke contends that defense counsel's comment was an allegation of a factual inaccuracy in the contents of the PSI, and that the court was obligated by W.R.Cr.P. 32(a)(3)(C) either to make a finding regarding the disputed provision or to find that the provision would not be considered in sentencing. We disagree. When viewed in context, it is apparent that counsel was simply pointing out that the court should consider the Probation/Parole Agent's sentencing recommendation in light of the factual corrections accepted by the court. Defense counsel was not making an allegation of factual inaccuracy, and no response or action from the district court was ·required. We discern no violation of a clear and unequivocal rule of law.

## Addicted Offender Accountability Act

■ [¶ 33] Mr. Duke contends that the district court erred by imposing a sentence of imprisonment. For support, he relies upon a provision of the Addicted Offender Accountability Act, Wyo. Stat. Ann. § 7–13–1303. That provision states, in full:

> (a) Except as provided in subsection (c) of this section, notwithstanding any other provision of law, qualified offenders may be placed on probation under W.S. 7–13–301, receive a suspended sentence under W.S. 7–13–302(a) or placed on probation under W.S. 35–7–1037. The sentence or probation order shall set forth the terms of a treatment program based upon the substance abuse assessment and any other terms and conditions as the court may deem appropriate under the circumstances, and require the offender to satisfactorily complete the treatment program. The court shall include in the sentence or probation order any provisions necessary to reasonably protect the health of the offender.
>
> (b) The· treatment provider shall be required to report to the court, the prosecuting attorney, probation officer and counsel representing the offender not less than once per month on the offender's progress in meeting the requirements of the sentence and the program.
>
> (c) A qualified offender or person sentenced under this act may be incarcerated if the court concludes on the basis of the evidence that:
>
> (i) No adequate treatment alternative exists;
>
> (ii) Under the facts of the case, the interests of justice require a period of incarceration; provided however, under the circumstances, a portion of

the sentence may be suspended under the conditions set forth in subsection (a) of this section;

(iii) The offender refuses to agree to participate in the court ordered treatment program or fails to satisfactorily complete the court ordered treatment program; or

(iv) The offender commits a felony, sells or otherwise delivers controlled substances while in a program pursuant to this section, or engages in other behavior that poses an unreasonable risk to public safety while in the program. Notwithstanding any other provision of law, in the absence of the commission of these acts, those programs and sanctions set forth in W.S. 7–13–1102 and 7–13–1107(b) may be used at the discretion of the probation officer or court to address other violations of the sentencing or probation order.

(d) In the event probation is revoked, the court may impose one (1) or more of the sanctions set forth in W.S. 7–13–1102 or 7–13–1107(b) unless the court, in its sole discretion, finds that another disposition, including imprisonment, is necessary under the facts of the case.

Mr. Duke interprets the statute to require that sentencing courts, absent one of the conditions appearing in subsection (c), sentence qualified offenders to probation.[4] We disagree.

[¶ 34] The plain text of the statute does not limit the discretion of the trial courts to make sentencing decisions. Subsection (a) specifically states that "qualified offenders *may* be placed on probation." Wyo. Stat. Ann. § 7–13–1303(a) (emphasis added). As a general matter, the word "may" when used in a statute, is permissive. *Mayor v. Board of Land Comm'rs*, 64 Wyo. 409, 192 P.2d 403, 411 (1948). Nothing in the statutory text suggests that the legislature intended any other interpretation.

[¶ 35] The only decision cited by Mr. Duke to support his position is *People v.*

*Murillo*, 102 Cal.App.4th 1414, 126 Cal. Rptr.2d 358 (2002). In *Murillo*, the California Court of Appeals determined that it was error for the trial court to sentence the qualifying offender to incarceration rather than one of the alternatives specified by the statute. 126 Cal.Rptr.2d at 363. *Murillo*, however, involved a California statute that differs markedly from Wyo. Stat. Ann. § 7–13–1303. The California law states that "any person convicted of a nonviolent drug possession offense *shall* receive probation." Cal.Penal Code § 1210.1(a) (West 2008) (emphasis added). *See Murillo*, 126 Cal.Rptr.2d at 360. Given the different statutory language upon which *Murillo* is premised, its conclusion is not relevant to our interpretation of Wyo. Stat. Ann. § 7–13–1303. In light of the clear discretionary language in Wyoming's statute, we find no indication that the court violated a clear and unequivocal rule of law when it ordered a sentence of imprisonment.

[¶ 36] Affirmed.

---

4. The district court found that Mr. Duke was a qualified offender. The State does not contest this finding.