Frank GARCIA, Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 87–112.

Supreme Court of Wyoming.

May 25, 1989.

Leonard D. Munker, State Public Defender, and Julie D. Naylor (argued), Appellate Counsel, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Michelle Neves (argued), Legal Intern.

Before CARDINE, C.J., THOMAS, URBIGKIT and MACY, JJ., and GRANT, District Judge.

CARDINE, Chief Justice.

This appeal is from a judgment and sentence entered after a plea bargain in which appellant Frank Garcia pled guilty to one count of felony murder for the murder of Kathleen Bernard and one count of conspiracy to commit aggravated robbery for the aggravated robbery of Kathleen Bernard and Robert Bernard. In the plea bargain, the State dismissed a felony murder charge for the murder of Robert Bernard and agreed not to seek the death penalty for the murder of Kathleen Bernard. The trial court sentenced appellant to consecutive sentences of life imprisonment on the felony murder charge and not less than 20 nor more than 25 years on the conspiracy to commit aggravated robbery.

We affirm the judgment and sentence.

Appellant, Frank Garcia, states a single issue for our review:

"Whether Appellant's consecutive sentences for felony murder and conspiracy to commit aggravated robbery violate the double jeopardy clauses of the United States and Wyoming Constitutions."

The court established a factual basis for the guilty pleas through Garcia's testimony. Garcia testified that he first discussed the robbery of Robert Bernard when he was approached by co-defendant Chuck Birr several weeks prior to March 1, 1985. In the succeeding weeks, Garcia, Birr, and another co-defendant Frank Schultz discussed the robbery and murder of both Robert Bernard and Kathleen Bernard. These discussions took place primarily in Casper, Wyoming, where Birr purchased some rope and tape necessary to execute the planned robbery and murder. The evening before the robbery and murder, Robin Koeneman drove the car carrying Garcia, Birr and Schultz to Gillette, Wyoming for the purpose of robbing and killing the Bernards. Upon arriving in Gillette, gloves and additional tape were purchased. The four then drove to a trailer court where the Bernards resided. Garcia armed himself with a .357 magnum pistol and a "buck" knife, and Schultz armed himself with a small derringer. As planned, Garcia and Schultz gained entry into the trailer house through a ruse of requesting permission to use the telephone to report an automobile accident. Upon entering the trailer, Garcia drew his .357 magnum pistol and ordered that the children, who were also in the room, be sent to bed. Mrs. Bernard, ac-

companied by Schultz, took the children into a back bedroom. Garcia then demanded that Mr. Bernard give him all of the money. Mr. Bernard produced a small amount of money. Garcia was not satisfied. He then took Mr. Bernard to a back bedroom and demanded additional money. Mr. Bernard said there was no additional money but admitted having a small quantity of drugs. After taking the drugs, Garcia instructed Schultz to bring Mrs. Bernard into the bedroom. At gunpoint, Garcia ordered the Bernards to lie down on the floor. Garcia and Schultz bound them with the rope. Schultz then handed a tire iron to Garcia, and Garcia struck each of the Bernards in the head. Thereupon, Garcia handed Schultz the buck knife, and Schultz cut Mr. Bernard's throat. Garcia then took the knife and cut Mrs. Bernard's throat. Shortly thereafter, the four returned to Birr's apartment in Casper where the drugs were given to Birr and the money was divided between Garcia and Schultz.

In this case, the charged offenses—murder in the first degree, contrary to W.S. 6–2–101, and conspiracy, contrary to W.S. 6–1–303—are separate and distinct by statutory definition, and different evidence is necessary to prove each charge. Garcia's testimony makes clear that the evidence necessary to support the conspiracy charge was not the same as the evidence necessary to support the felony murder charge. There was an agreement before-hand to commit aggravated robbery, and once one of the co-defendants took any action sufficient to constitute an overt act, the conspiracy was completed. See *Schultz v. State*, 751 P.2d 367 (Wyo.1988). Birr's obtaining of rope and tape in Casper; the driving to Gillette before the murder; the purchase of the gloves and tape in Gillette; and the arming of Schultz and Garcia before entering the trailer demonstrate the conspiracy was completed prior to the robbery of the Bernards and the murder of Mrs. Bernard.

Article 1, § 11 of the Wyoming Constitution provides with respect to double jeopardy: "nor shall any person be twice put in jeopardy for the same offense." The Fifth Amendment to the United States Constitution, extended to the State through the Fourteenth Amendment, provides: "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb \* \* \*." The question here presented is whether conspiracy to commit aggravated robbery and first degree murder are the "same offense" so as to violate double jeopardy.

In *Goodman v. State*, 601 P.2d 178, 185 (Wyo.1979), we said:

"If the offenses charged are separate and distinct either with respect to statutory definition, or because they grow out of different transactions and different evidence is needed to prove each, the constitutional inhibition against double jeopardy is not applicable and, so long as the offenses charged are not factually inconsistent, a defendant may be found guilty and judgment and sentence entered thereon may be had as to each of the offenses charged."

We have held that the legislature intended to punish separately the conspiracy and the substantive offense. *Schultz*, 751 P.2d 367. See also *Birr v. State*, 744 P.2d 1117 (Wyo.1987). Our reasoning is articulated sufficiently in those decisions. A recitation of it a second time in this case is, therefore, unnecessary.

Finding no merit in Garcia's contention that his sentence placed him in double jeopardy, we affirm the judgment and sentence.