2007 WY 48

Frank J. GARCIA, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. 06–53.

Supreme Court of Wyoming.

March 16, 2007.

Representing Appellant: Richard B. Lipka of Gillette, Wyoming.

Representing Appellee: Patrick J. Crank, Wyoming Attorney General; Paul S. Rehurek, Deputy Attorney General; and D. Michael Pauling, Senior Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

VOIGT, Chief Justice.

[¶1] Appellant, Frank J. Garcia, pled guilty to murder and conspiracy to commit aggravated robbery and was sentenced to consecutive sentences of life and twenty to twenty-five years in prison, respectively, for those crimes. He appeals his sentence on the basis that the trial court, in sentencing him, considered facts not proven beyond a reasonable doubt to a jury. We affirm.

## ISSUE

[¶2] Did the district court err when it found that Appellant's sentence was not illegal and therefore not subject to correction under W.R.Cr.P. 35(a),[1] where the sentencing court considered Appellant's drug and alcohol abuse, work history, and the nature of the crimes committed, in pronouncing sentence?

## FACTS

[¶3] The facts underlying Appellant's plea and sentence in this case are not determinative and are set forth at length in our decision regarding Appellant's first appeal, *Garcia v. State*, 774 P.2d 623 (Wyo.1989). We will not restate those facts in detail here.

[¶4] Appellant was charged with two counts of first-degree murder and one count of conspiracy to commit aggravated robbery. Appellant testified to participating in the robbery and murder of Kathleen and Robert Bernard at his change of plea hearing. In exchange for the State's agreement to dismiss one of the murder charges and not to seek the death penalty, Appellant pled guilty to the murder of Kathleen Bernard and to conspiracy to commit aggravated robbery. The district court held a sentencing hearing at which Appellant acknowledged receipt of the sentencing report, a psychological evaluation, and a social summary that the district court had ordered for use in sentencing. Appellant did not object or make any additions or corrections to those documents at the hearing. Appellant was sentenced to life in prison for the murder of Kathleen Bernard

---

1. Rule 35(a) states: "(a) *Correction.*—The court may correct an illegal sentence at any time. Additionally the court may correct, reduce, or modify a sentence within the time and in the manner provided herein for the reduction of sentence."

and twenty to twenty-five years for conspiracy to commit aggravated robbery, with the sentences to run consecutively. In the course of sentencing Appellant, the trial court set forth the following:

> Mr. Garcia, I have considered your presentence report.
>
> I've considered the letters from the psychologist and social worker.
>
> I have considered your substantial criminal record. Besides the incarceration at the Boys' School that was mentioned before, I note several assault and batteries, DWI's, disorderly conducts, a host of prior convictions.
>
> I have considered your history of violence. I've considered your drug and alcohol abuse, your sporadic work history.
>
> And I have considered the especially heinous nature of this offense. It was a senseless and brutal killing. And it was, as all killings must be, committed for no good reason.
>
> For those reasons, it is the order of this court that with regard to Count I, the first degree murder, that you be sentenced to a term of the rest of your natural life in the Wyoming State Penitentiary, and for the conviction in Count III of conspiracy to commit aggravated robbery you are to receive a punishment of not less than twenty nor more than twenty-five years in the Wyoming State Penitentiary.

[¶ 5] Appellant filed an immediate appeal asserting that his sentence violated the double jeopardy clauses of the Wyoming and United States constitutions because the district court should have merged his crimes for sentencing. This Court affirmed the judgment and sentence in *Garcia v. State*, 774 P.2d 623 (Wyo.1989).

[¶ 6] On January 9, 2006, Appellant filed Petitioner's Motion to Correct Illegal Sentence Pursuant to Wyoming Rule of Criminal Procedure 35. The district court denied the motion in an order dated January 26, 2006. This appeal followed.

## STANDARD OF REVIEW

[¶ 7] The parties agree that this review of a motion to correct illegal sentence involves questions of constitutional law, which we review *de novo*. *Strickland v. State*, 2004 WY 91, ¶ 40, 94 P.3d 1034, 1051 (Wyo.2004).

> An illegal sentence is one that exceeds statutory limits, imposes multiple terms of imprisonment for the same offense, or otherwise violates constitutions or the law. The determination of whether a sentence is illegal is made by reference to the authorizing statute or applicable constitutional provisions and is, therefore, a matter of statutory interpretation. Interpretation of statutes is a question of law, which we review de novo.

*Brown v. State*, 2004 WY 119, ¶ 7, 99 P.3d 489, 491 (Wyo.2004) (citations omitted).

## DISCUSSION

[¶ 8] Appellant claims that his sentence offends constitutional precepts because the sentencing court considered factors that were not proven to a jury beyond a reasonable doubt. Specifically, Appellant attacks the district court's reference to his history of drug and alcohol abuse, his work history, and the heinous nature of the crime, at sentencing. Appellant relies on the United States Supreme Court's rulings in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and subsequent cases for support.

[¶ 9] We have discussed this line of cases as it relates to Wyoming's sentencing structure in several of our previous decisions. In *Gould v. State*, 2006 WY 157, ¶ 23, 151 P.3d 261, 267 (Wyo.2006) we stated:

> Appellants were sentenced in accordance with Wyoming's indeterminate sentencing statute, Wyo. Stat. Ann. § 7–13–201 (LexisNexis 2005) ... and their individual sentences fell within the statutory maximums set out for their crimes. Consequently, in accordance with our rulings in *Janssen* and *Smith*, there was no obvious violation of the constitutional principles discussed in *Apprendi* and *Blakely*.

[¶ 10] We summarized the holding of the United States Supreme Court in *Apprendi*

and its progeny in *Janssen v. State,* 2005 WY 123, ¶ 21, 120 P.3d 1006, 1011–12 (Wyo.2005):

> In *Apprendi,* the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi,* 530 U.S. at 490, 120 S.Ct. at 2362 (emphasis added). Mr. Janssen's sentence was *within* the statutory maximum of 60 months. *Apprendi* does not support his claim. The *Blakely* decision involved a determinate sentencing structure. *Blakely,* 542 U.S. at 300, 124 S.Ct. at 2535. Mr. Janssen was not sentenced pursuant to a determinate sentencing scheme, making *Blakely* inapplicable to his case. Indeed, *Blakely* recognized that indeterminate sentencing does not infringe on the province of the jury. *Id.* at 308, 124 S.Ct. at 2540. Under *Apprendi* and its progeny, the district court was free, in the exercise of its sentencing discretion, to consider factors relating to Mr. Janssen and his crimes in imposing an appropriate sentence within the statutory range. *Smith v. State,* 2005 WY 113, ¶ 37, 119 P.3d 411 (Wyo.2005).

[¶ 11] In *Smith,* we discussed some of the very issues Appellant attempts to raise in this appeal.

But, because it is clear that Smith misunderstands *Apprendi* and *Blakely,* as the state explains, we shall briefly comment. In *Apprendi,* the Supreme Court noted that any fact which permits a trial court to exceed the maximum penalty set out in the standard sentencing category for a given offense—and to therefore place a defendant in a more severe category—was much like an element of the offense, requiring proof beyond a reasonable doubt. Accordingly, the Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The Apprendi Court

drew a distinction, however, between a trial court impermissibly finding facts which place a defendant in a more severe sentencing category, and its exercise of discretion in imposing a sentence within the range permitted by a sentencing category whose use is supported by a jury verdict. With respect to the latter, the Court emphasized that sentencing judges were still free to exercise their traditional discretion in considering various facts relating to the crime and the offender in imposing sentence within the prescribed statutory limits. In *Blakely,* the Court did no more than apply *Apprendi* to a sentence which departed from the standard sentencing range for the charged offense based on the trial court's finding of a fact that justified the departure, but which was not admitted by the defendant when he entered his guilty plea. In the present case, the jury verdict on each count established all the facts necessary for the trial court to sentence Smith, as it did, according to the standard statutory sentencing range for each of the charged crimes. Under *Apprendi* and its progeny, the trial court was further free, in the exercise of its sentencing discretion, to consider victim impact statements, the PSI and other factors relating to Smith and his crimes in imposing an appropriate sentence within that statutory range.

*Smith,* 2005 WY 113, ¶ 37, 119 P.3d at 422 (citations omitted).

■ [¶ 12] Appellant pled guilty to first-degree murder. Under Wyoming law, murder carries a minimum sentence of life in prison and a maximum penalty of death.[2] Wyo. Stat. Ann. § 6–2–101 (LexisNexis 2005). Appellant was sentenced to life in prison. He was, therefore, sentenced within the statutory range for the crime of murder.

■ [¶ 13] Appellant also pled guilty to conspiracy to commit aggravated robbery. The crime of conspiracy carries the same penalty as the most serious offense to which the conspiracy relates. Wyo. Stat. Ann. § 6–1–304 (LexisNexis 2005). The punishment

---

2. The substantive criminal statutes at issue have not changed materially since Appellant's sentenc-ing in 1987.

for aggravated robbery carries a statutory range of between five and twenty-five years. Wyo. Stat. Ann. § 6-2-401(c) (LexisNexis 2005). Appellant was sentenced to a minimum of twenty and a maximum of twenty-five years. His sentence on that count was also within the statutorily required range.

[¶ 14] *Apprendi* and its progeny do not affect the legality of Appellant's sentences because both sentences fell within the prescribed statutory maximum terms for each of the crimes to which he pled guilty. Appellant was sentenced under Wyoming's indeterminate sentencing statute and his sentences did not involve judicial fact finding that increased either sentence beyond the statutory maximum for the crimes he committed. When a defendant pleads guilty, he immediately exposes himself to criminal liability up to, and including, the maximum sentence for each of his crimes.[3] The conviction itself triggers the availability of all penalties enumerated in the applicable criminal statute. Because no additional fact-finding is necessary in order for a judge to impose the maximum sentence, *Apprendi* and its progeny have no application to cases such as this, where a sentence does not exceed the maximum penalty permitted under the statute.

## CONCLUSION

[¶ 15] The district court did not err in denying Appellant's motion to correct an illegal sentence under W.R.Cr.P. 35(a). Appellant's sentences were within the applicable statutory limits and did not violate the United States Constitution, Wyoming Constitution, or any other law.

---

3. In this case, Appellant's plea bargain included an agreement that the State would not seek the death penalty for the murder conviction.