2010 WY 90

**Michael Leroy HACKETT a.k.a. Michael Leroy Hackett, Jr., Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. S–09–0163.

Supreme Court of Wyoming.

June 29, 2010.

Representing Appellant: Diane M. Lozano, State Public Defender; Tina N. Kerin, Appellate Counsel; and David E. Westling, Senior Assistant Appellate Counsel.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Amy Gleason, Student Intern, Prosecution Assistance Program.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

HILL, Justice.

[¶1]   After a jury trial, Michael Leroy Hackett was convicted of one count of first degree sexual assault.  On appeal, he claims the presentence investigation report was unfairly biased against him.  We affirm.

## ISSUE

[¶2]   Hackett presents one issue for our review:

The presentence investigation report considered and endorsed by the trial court constituted circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play.

## FACTS

[¶3]   In March of 2008, Michael Leroy Hackett's stepsister reported that Hackett

had raped her. After an investigation, Hackett was charged with first degree sexual assault, and a jury convicted him of that single charge.

[¶ 4] Before sentencing, a presentence investigation report (PSI) was ordered. The court sentenced Hackett on July 21, 2009, but prior to sentencing, Hackett filed his objection to the PSI. Specifying eleven objections, Hackett took issue with the following: (1) sought to correct a discrepancy with his social security number; (2) denied ever advising the probation and parole officer that he understood the State would "maybe" recommend a sentence of ten to twelve years imprisonment; (3) sought to clarify the statement made in the "Defendant's Version" portion of the PSI; (4) objected to the "graphic statement" regarding Hackett's prior offense, on the grounds that, being derived from an affidavit of probable cause, it was more than a "brief statement of the offense," and that he had not admitted or pled guilty to all of the statements of offenses set forth in that document; (5) and (6) sought to correct statements regarding Hackett's family relationships; (7) denied that in 2002, he had pornography of underage females on his computer; (8) sought to expand upon the effects on his health resulting from an auto accident in 2001; (9) sought to add that Hackett's bankruptcy proceeding had been dismissed, leaving him further in debt; (10) argued that the drafter's "conclusion and evaluation are very biased," and that his continued claim of innocence should not be taken as an effort to minimize the offense for which he was convicted or to show a lack of compassion; and (11) asserted that Hackett had contributed "many worthwhile things to society."

[¶ 5] After taking note of Hackett's objections, the court ruled and imposed a sentence of 15–40 years in prison. This appeal followed.

## STANDARD OF REVIEW

[¶ 6] We review a district court's sentencing decisions for abuse of discretion.

*Roeschlein v. State,* 2007 WY 156, ¶ 17, 168 P.3d 468, 473 (Wyo.2007). A sentence will not be disturbed because of sentencing procedures unless the defendant can show an abuse of discretion, procedural conduct prejudicial to him, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play. An error warrants reversal only when it is prejudicial and it affects an appellant's substantial rights. The party who is appealing bears the burden to establish that an error was prejudicial. *Id.* This Court has declined to reverse a sentence where the party objecting to particular portions of a PSI failed to demonstrate that the district court based its decision upon those parts of the report and the challenged comments "merely summarized what was apparent elsewhere in the report and provided the rationale for the agent's sentencing recommendation." *Doherty v. State,* 2006 WY 39, ¶ 34, 131 P.3d 963, 974 (Wyo.2006) (quoting *Janssen v. State,* 2005 WY 123, ¶ 18, 120 P.3d 1006, 1011 (Wyo.2005)).

## DISCUSSION

[¶ 7] Hackett's argument focuses on two objections to his PSI that he made prior to sentencing: Objection no. 4 complained that the PSI "substitutes a graphic statement of probable cause of the prior offense in 2002 instead of a brief statement of the offense;"[1] Objection no. 10 argues "the conclusion and evaluation are very biased". Because the Defendant maintains his innocence, he cannot be accused of ["]lack of insight, shamelessness, and pathetic efforts toward minimizing["] and ["]lack of compassion.["]. The State asserts the PSI was neither unfair nor excessively biased, nor did it offend the public sense of fair play.

[¶ 8] The statute governing PSIs provides:

**§ 7–13–303. Investigation preceding probation or suspension of sentence.**

(a) When directed by the court, . . . the state probation and parole officer . . . shall

1. Hackett points to "over 30 vulgar sexual reference to male and female genitalia, ejaculation, intercourse, and masturbation that are attributed to" Hackett. Ironically, Hackett does not deny making such "vulgar" references.

investigate and report to the court in writing:

(i) The circumstances of the offense;

(ii) The criminal record, social history and present conditions of the defendant;

(iii) If practicable, the findings of a physical and mental examination of the defendant;

(iv) If practicable, statements from the victim; and

(v) A summary of the impact of the offense on the victim.

Wyo. Stat. Ann. § 7–13–303 (LexisNexis 2009).

[¶ 9] The Wyoming Rules of Criminal Procedure also contain mandates regarding presentence investigation reports. Rule 32(a)(1) provides that in all felony cases, "the Department of Probation and Parole shall conduct a presentence investigation and submit a report to the court." The rule further provides:

(2) Report—The report of the presentence investigation shall contain:

(A) Information about the history and characteristics of the defendant, including prior criminal record, if any, financial condition, and any circumstances affecting the defendant's behavior that may be helpful in imposing sentence or in the correctional treatment of the defendant;

(B) Verified information stated in a non-argumentative style containing an assessment of the financial, social, psychological, and medical impact upon, and cost to, any individual against whom the offense has been committed and attaching a victim impact statement as provided in W.S. 7–21–102 if the victim chooses to make one in writing . . .

. . . .

(D) Such other information as may be required by the court.

[¶ 10] With these principles in mind, we stated the following in *Noller v. State,* 2010 WY 30, ¶ 13, 226 P.3d 867, 871 (Wyo.2010):

In considering the statutory provision and the rule, we have said that trial courts have broad discretion when imposing sentence to consider a wide range of factors about the defendant and the crime. *Thomas v. State,* 2009 WY 92, ¶ 10, 211 P.3d 509, 512 (Wyo.2009). They are free, in the exercise of their sentencing discretion, to consider victim impact statements, PSIs and other factors relating to the defendant and his crimes in imposing an appropriate sentence within the statutory range. *Garcia v. State,* 2007 WY 48, ¶ 10, 153 P.3d 941, 944 (Wyo.2007), citing *Smith v. State,* 2005 WY 113, ¶ 37, 119 P.3d 411, 422 (Wyo.2005). Trial courts are permitted to consider a defendant's character when exercising their discretion to impose sentence. *Doherty,* ¶ 35, 131 P.3d at 974. In evaluating character, the trial court may consider a broad range of reports and information. *Gorseth v. State,* 2006 WY 109, ¶ 15, 141 P.3d 698, 703 (Wyo.2006). A defendant's cooperation with authorities and remorse for his actions are appropriate factors to be considered when imposing sentence. *Dodge v. State,* 951 P.2d 383, 386 (Wyo.1997). A sentencing recommendation contained in a PSI is one of the factors that a court may properly consider in determining the appropriate sentence to impose. *Duke v. State,* 2009 WY 74, ¶ 15, 209 P.3d 563, 569 (Wyo.2009).

In *Noller,* the appellant moved to strike portions of his PSI on the grounds that they were inflammatory and argumentative, similar to the ones complained of here.

In this Writer's opinion and observation, he still maintains selfish, cowardly and self-defeating thoughts and behaviors and appears either unwilling or unable to entertain true empathy for the victims, their families and their loved ones.

*Noller,* ¶ 8, 226 P.3d at 869. The district court denied Noller's motion and sentenced him to terms encompassing the maximum period of incarceration on each count. We affirmed the district court because when summarizing the factors that influenced its decision, the lower court indicated that it did not rely solely on the PSI when considering Noller's sentence. Instead, the district court considered a variety of information and sources in imposing sentence, including Noller's character, his level of remorse for his action, the probation and parole agent's as-

sessment of whether he accepted responsibility for his crime, victim statements, as well as the agent's sentencing recommendation.

[¶ 11]   We have encountered similar situations to *Noller* in the recent past.  In *Carothers v. State*, 2008 WY 58, ¶ 24, 185 P.3d 1, 15 (Wyo.2008), the defendant moved to strike from the PSI similar remarks to the ones made in both *Noller* and those in this case.  While cautioning PSI preparers to limit their reports to the factors outlined in Rule 32(a)(2), we upheld the district court's ruling denying the motion because: 1) there was no showing the court relied on the challenged comments in imposing the sentence; 2) the comments basically repeated statements contained in the victim impact portion of the report and made in court during the sentencing hearing;  and 3) the fact that the district court imposed a shorter sentence than the State requested suggested it was not inflamed by the comments.  *Id.*

[¶ 12]   With these cases in mind, we turn to the instant one.  In 2002, Hackett pled guilty to one charge of attempted sexual exploitation of a child.  The PSI in this case refers to that offense, and quotes at length from the charging documents in the prior prosecution, which detail the contents of internet communications between Hackett and who he believed to be a 14–year–old girl.  Hackett objected to this information being included in the PSI, arguing it "substitutes a graphic statement of probable cause of the prior offense in 2002 instead of a brief statement of the offense."  Hackett argues that because the *charging document* was quoted, he did not admit or plead to all of those statements/allegations, and pled only to attempted sexual exploitation and not to attempted third degree sexual assault.  Hackett also argues this language is excessive, biased, partisan and inflammatory.

[¶ 13]   While this information might have been quite detailed, we do not find it to be outside the scope of Rule 32's purview, which calls for "[i]information about the history and characteristics of the defendant, including prior criminal record, if any . . . and any circumstances affecting the defendant's behavior that may be helpful in imposing sentence or in the correctional treatment of the defendant[.]"  Given that Hackett's prior felony offense was both sexual and assaultive in nature, and the present offense also involves a sexual assault, this information was relevant.

[¶ 14]   Hackett also takes issue with an alleged "extrajudicial review" of his correspondence and computer files by the PSI writer.  In the personal history/background portion of the PSI, there is a quotation from the earlier PSI connected to Hackett's 2002 conviction for attempted sexual exploitation of a child having to do with "cyber-sex," sexually graphic content and pornographic images.  Hackett asserts this language has "very little to do with the instant offense and again is included only to inflame the reader."  Given that his 2002 offense involved the use of his computer and was sexual in nature, this information became relevant to sentencing in this case.  In imposing sentence, the trial court is given broad discretion to consider a wide variety of factors about the defendant and his crimes.  *Gorseth v. State*, 2006 WY 109, ¶ 15, 141 P.3d 698, 704 (Wyo.2006) (in *Gorseth,* this Court approved the use of a probation report that referenced a prior conviction).

[¶ 15]   Hackett also argues that the characterization by the PSI writer that his efforts to minimize his culpability for his offense were "pathetic and shameless" demonstrates that the writer sought to "inflame" and to "advocate for the State."  Furthermore, Hackett asserts that underlining the word "rape" was also inflammatory.  We agree with Hackett that the PSI writer's comments were quite blunt, and *once again* we caution PSI agents that it is not their function to act as legal advocates but to be neutral participants and to provide the information specified in Rule 32(a)(2) for consideration by the sentencing court.  The comments in Hackett's case resemble those written in *Noller* and *Carothers* and were, in fact, written by the same agent.  We made this admonition in *Noller, supra,* although when that case was published, Mr. Hackett's case was already under review by this Court. We will repeat it here.  In the future we expect agents involved in preparing PSIs

to conform their comments to the requirements of Rule 32(a)(2) and comply with this Court's directives in this case and in *Carothers*.

[¶ 16] Even after that reprimand, and considering the nature of the agent's remarks in this case, after considering the list of Hackett's objections in context with the entire PSI, along with the court's comments during sentencing, we conclude that no abuse of discretion occurred. The court stated in its sentencing order that it considered the PSI, as well as the "evidence produced." In reviewing the record as a whole in this case, we are in agreement with the district court. We need not consider Hackett's due process concerns, as the previous issue is determinative.

### CONCLUSION

[¶ 17] The district court did not abuse its discretion in considering the Presentence Investigation Report in full when sentencing Mr. Hackett. Affirmed.