2011 WY 56

**Gary Collins SCOTT, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. S–10–0139.**

Supreme Court of Wyoming.

March 30, 2011.

Representing Appellant: Diane M. Lozano, State Public Defender; Tina N. Kerin, Appellate Counsel.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Paul S. Rehurek, Senior Assistant Attorney General.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

VOIGT, Justice.

[¶ 1] The appellant, Gary Collins Scott, was convicted of multiple counts of sexual assault, attempted sexual assault, and sexual abuse of a minor. In this appeal, the appellant asserts that the district court abused its discretion in failing to strike certain portions of the presentence investigation (PSI) report prior to sentencing. We find the PSI report was proper and that the district court did not abuse its discretion in considering it. We affirm.

1. The record is not entirely clear as to whether the district court denied or granted the appellant's motion to strike portions of the PSI report. After hearing the appellant's arguments, the district court stated, "I'm not considering anything

## ISSUE

[¶ 2] Did the district court abuse its discretion when it denied the appellant's motion to strike from the PSI report the sentencing recommendations of the probation and parole agent? [1]

## FACTS

[¶ 3] While the appellant was employed as the fire chief of the Campbell County Fire Department, he instituted a cadet program. This program allowed juveniles to participate in certain activities with the fire department. The appellant worked closely with many of the juveniles involved in the program. On September 28, 2007, the appellant was charged with nine counts of third-degree sexual assault, one count of second-degree sexual assault, and two counts of sexual abuse of a minor in the second degree. All the charges arose from contact with the juveniles involved in the cadet program. The prosecutor summarized the nature of the appellant's conduct giving rise to the charges as follows:

THE COURT: And [Prosecutor], if you would, sir, give me a factual basis for these charges.

[Prosecutor]: I will, Your Honor, with respect to all the charges alleged in the information, the state would anticipate, if this matter went to trial, that the evidence would be starkly similar with respect to each allegation. Those events would transpire and describe contact the defendant had with juvenile-aged individuals often times in their early teenage years at a time when those people were participating in the cadet program operated by the Campbell County Fire Department.

The evidence would establish that the defendant created that program, and it was a program where young people could receive training and experiences associated with the fire department. In each and every one of the incidents described and charged in the information, an individual

that you are determining to be argument or bias." For purposes of deciding this matter, we will assume that the district court considered the PSI report in its entirety.

was singled out by the defendant, and he began to focus attention on that individual.

Ultimately that would culminate in a private encounter between the defendant and the juvenile, wherein he would perpetrate a sexual assault upon that juvenile. Sometimes that took the form of oral sex or fellatio. Sometimes it took the form of digital penetration with the hand. Sometimes it took the form of masturbation.

In each and every one of those incidents, the juvenile would testify that they were—they perceived that they were in some ways under the control of the defendant as he was the fire chief of the local fire department, and they were participating in the cadet program, and they would testify that that was at least one of the reasons why they were put in the position they were put in.

The state would anticipate that the information solicited at trial would be in large conformance with the affidavit of probable cause tendered to the court in support of the charges and would anticipate that all of those witnesses would testify to the facts specifically described by each and every one of them as described in the affidavit.

[¶ 4] As part of a plea agreement, the appellant agreed to plead "no contest" to the charges and the State agreed to recommend that the sentences be served concurrently. The parties also agreed that each party was free to argue whether the state sentences should be served concurrently or consecutively to related federal sentences arising out of the same conduct, which sentences had already been imposed.

[¶ 5] Prior to sentencing, the appellant filed an objection to the PSI report and requested that certain comments "be stricken and not considered in sentencing." The specific content of the PSI report to which the appellant objected will be outlined in the discussion section below. The appellant raised the same concerns at sentencing and the district court told defense counsel it would "not consider[ ] anything that you are

determining to be argument or bias." The district court sentenced the appellant to a prison term of twelve to fifteen years on each count, to be served concurrently. The district court also determined that the state sentences were to run consecutive to the related set of concurrent federal sentences involving interstate transportation of minors with the intent to engage in illegal sexual acts.

## STANDARD OF REVIEW

 [¶ 6] We recently recited our standard of review when considering claims involving alleged inappropriate statements in a PSI report.

We review a district court's sentencing decision for abuse of discretion. *Roeschlein v. State*, 2007 WY 156, ¶ 17, 168 P.3d 468, 473 (Wyo.2007). A sentence will not be disturbed because of sentencing procedures unless the defendant can show an abuse of discretion, procedural conduct prejudicial to him, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play. *Id.* An error warrants reversal only when it is prejudicial and it affects an appellant's substantial rights. *Id.* The party who is appealing bears the burden to establish that an error was prejudicial. *Id.* This Court has declined to reverse a sentence where the party objecting to particular portions of a PSI failed to demonstrate that the district court based its decision upon those parts of the report and the challenged comments "merely summarized what was apparent elsewhere in the report and provided the rationale for the agent's sentencing recommendation." *Doherty v. State*, 2006 WY 39, ¶ 34, 131 P.3d 963, 974 (Wyo.2006).

*Noller v. State*, 2010 WY 30, ¶ 7, 226 P.3d 867, 869 (Wyo.2010).

## DISCUSSION

 [¶ 7] PSI reports are governed by Wyo. Stat. Ann. § 7–13–303 (LexisNexis 2009) [2] and W.R.Cr.P. 32(a)(2) [3].

---

**2.** Wyo. Stat. Ann. § 7–13–303(a), entitled "Investigation preceding probation or suspension of

sentence" provides, in part:

In considering the statutory provision and the rule, we have said that trial courts have broad discretion when imposing sentence to consider a wide range of factors about the defendant and the crime. *Thomas v. State,* 2009 WY 92, ¶ 10, 211 P.3d 509, 512 (Wyo.2009). They are free, in the exercise of their sentencing discretion, to consider victim impact statements, PSIs and other factors relating to the defendant and his crimes in imposing an appropriate sentence within the statutory range. *Garcia v. State,* 2007 WY 48, ¶ 10, 153 P.3d 941, 944 (Wyo.2007), citing *Smith v. State,* 2005 WY 113, ¶ 37, 119 P.3d 411, 422 (Wyo.2005).

*Hackett v. State,* 2010 WY 90, ¶ 10, 233 P.3d 988, 991 (Wyo.2010) (quoting *Noller,* 2010 WY 30, ¶ 13, 226 P.3d at 871). Regarding the role of the probation or parole agent preparing the report, we have said:

> [T]he preparer of a presentence report is to be a neutral and independent participant in the sentencing process. It necessarily follows that a parole or probation officer acts on behalf of an independent judiciary, not as an agent of the state, in preparing a presentence report. Like the sentencing court, the preparer of a presentence report is neither a party to nor bound by a plea agreement between the defendant and the state and, therefore, cannot breach the terms of that agreement in preparing the report.

> (a) When directed by the court, ... the state probation and parole officer ... shall investigate and report to the court in writing:
> (i) The circumstances of the offense;
> (ii) The criminal record, social history and present conditions of the defendant;
> (iii) If practicable, the findings of a physical and mental examination of the defendant;
> (iv) If practicable, statements from the victim; and
> (v) A summary of the impact of the offense on the victim.

3. W.R.Cr.P. 32(a)(2) prescribes the content of a PSI, reading, in part:
(2) Report.—The report of the presentence investigation shall contain:
(A) Information about the history and characteristics of the defendant, including prior criminal record, if any, financial condition, and any circumstances affecting the defendant's behavior that may be helpful in impos-

*Duke v. State,* 2009 WY 74, ¶ 16, 209 P.3d 563, 569 (Wyo.2009) (quoting *State v. McQuay,* 154 Wis.2d 116, 452 N.W.2d 377, 383–84 (1990)).

[¶ 8] We quote from the PSI report below, emphasizing the specific statements to which the appellant takes exception on appeal.

Because the current offenses involve 14 counts but 13 different and distinct victims, *this Writer is strongly compelled to recommend that the Court deviate from the plea agreement and sentence the Defendant to at least 13 consecutive terms.* However, as reported at the change of plea hearing, all but one of the victims was able to be contacted by the Prosecutor's Office before conviction and each of them ultimately expressed support for the plea agreement, which recommends that the 14 counts be served concurrently with each other. *Because this Writer fundamentally believes that the opinions of victims in these matters should supersede any recommendations made by any other party,* this Writer will defer the Court to their wishes regarding the issue of concurrent or consecutive State offenses.

*However, this Writer makes the argument that any State sentences should be served consecutively to the Federal offenses.* Based in the number of victims and the vast period of time which these crimes were committed, this Writer proposes that the Defendant will require addi-

ing sentence or in the correctional treatment of the defendant;
(B) Verified information stated in a nonargumentative style containing an assessment of the financial, social, psychological, and medical impact upon, and cost to, any individual against whom the offense has been committed and attaching a victim impact statement as provided in W.S. 7–21–103 if the victim chooses to make one in writing. In any event the report shall state that the victim was advised of the right to make such a statement orally at the defendant's sentencing or in writing. If the victim could not be contacted, the report shall describe the efforts made to contact the victim;

. . . .

(D) Such other information as may be required by the court.

tional time, even after the Federal sentences, in which to address any potential rehabilitative needs while also serving the retributive and incapacitative aspects of his criminal deeds. Even in the face of a lifetime of Federal supervision upon release, this Writer views the time the Defendant will serve on those matters to be separate and distinct, and therefore requiring separate and distinct consequences regardless of their similar nature to the current offenses.

Finally, the Defendant does not appear to need a determination as a Qualified Offender.

***Recommendation:***

It is respectfully recommended that Gary Collins Scott be denied probation and that the imposed prison terms in these matters, whether concurrent or consecutive to each other, be ordered to be served consecutively to the Federal sentences already imposed.

(Emphasis supplied.)

■ [¶ 9] The appellant does not claim that the PSI contained inflammatory or erroneous information. Instead, he argues that the above-emphasized language shows that the PSI writer "did not make a neutral, rational recommendation" and was "solely a victim advocate, and not a neutral factfinder for the trial court." We disagree. We have many times said that it is common and appropriate for a PSI writer to make a sentencing recommendation. *Noller,* 2010 WY 30, ¶ 13, 226 P.3d at 871 ("[a] sentencing recommendation contained in a PSI is one of the factors that a court may properly consider in determining the appropriate sentence to impose."); *Duke,* 2009 WY 74, ¶ 15, 209 P.3d at 569; *Doles v. State,* 2002 WY 146, ¶ 16, 55 P.3d 29, 33 (Wyo.2002); *Tilley v. State,* 912 P.2d 1140, 1142 (Wyo.1996). Furthermore, the PSI writer's recommendation that the sentencing deviate from the terms of the plea agreement was not inconsistent with the recognized role of a probation and parole officer compiling a PSI report.

[T]he Wyoming Department of Probation and Parole acts on behalf of an independent judiciary when it compiles a PSI for the court. The Wyoming Department of Probation and Parole is not an agent of the prosecutor but rather serves the sentencing court. Because the Wyoming Department of Probation and Parole is not an agent of the prosecutor, it cannot be bound by a plea agreement between Defendant and the prosecutor.

*Duke,* 2009 WY 74, ¶ 11, 209 P.3d at 568.

■ [¶ 10] Although generally a sentencing recommendation from a PSI author is appropriate, that recommendation must be presented within the bounds set forth in the above-described rules and our cases. That is, the recommendation may not be erroneous, extreme, inflammatory, or argumentative, and should not contain indications of "personal animosity toward the appellant" or undue "sympathy for the victims." *See Hackett,* 2010 WY 90, ¶ 15, 233 P.3d at 992; *Noller,* 2010 WY 30, ¶ 25, 226 P.3d at 873 (Voigt, C.J., specially concurring); *Carothers v. State,* 2008 WY 58, ¶¶ 23–24, 185 P.3d 1, 14–15 (Wyo.2008). The recommendations made by the PSI author here, when read and considered in their entirety, simply do not lead us to conclude that they were inappropriate and should have been stricken. Although the PSI author urges the district court to make certain sentencing decisions, those recommendations do not possess the traits we have condemned in the past. Therefore, we cannot say that the district court abused its discretion when it denied the appellant's motion to strike from the PSI report the sentencing recommendations of the probation and parole agent.

[¶ 11] Affirmed.