# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 111

APRIL TERM, A.D. 2014

September 8, 2014

DAVID CHARLES CROY,

Appellant
(Defendant),

v.                                                                    S-13-0260

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Laramie County*
*The Honorable Peter G. Arnold, Judge*

*Representing Appellant:*

> Office of the State Public Defender: Diane M. Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; and Kirk A. Morgan, Senior Assistant Appellate Counsel. Argument by Mr. Morgan.

*Representing Appellee:*

> Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Jenny L. Craig, Senior Assistant Attorney General; Darrell D. Jackson, Faculty Director, Prosecution Assistance Program; David E. Singleton, Student Director; and Anthony A. Millette, Student Intern. Argument by Mr. Millette.

*Before BURKE, C.J., and HILL, KITE\*, DAVIS, and FOX, JJ.*

\*Chief Justice at time of oral argument.

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**HILL,** Justice.

[¶1]    David Croy pled no contest to one count of interference with a police officer. Under the plea agreement, the State was to recommend a sentence of not less than three years nor more than five years of incarceration.  In return, the State would request the court to suspend Croy's sentence and place him on probation for five years.  However, the district court did not follow this recommendation and instead sentenced Croy to three to six years in prison.  On appeal, Croy contends that the district court abused its discretion in sentencing.  Affirmed.

## ISSUE

[¶2]    Croy presents one issue:

> Whether the district court abused its discretion in sentencing
> Croy to three to six years in prison so as to prevent Croy from
> driving while intoxicated in the future.

## FACTS

[¶3]    On September 21, 2012, Cheyenne police responded to an incident involving David Croy.  Law enforcement suspected Croy to be intoxicated after smelling the odor of alcohol and noticing that Croy seemed confused.  Medical responders arrived to evaluate Croy who was initially cooperative.  Croy then became agitated and flailed his right arm.  In concern for the safety of the medical personnel, one of the police officers grabbed Croy's arm at which point Croy bit the police officer's hand.  Swelling and visible teeth marks resulted from the bite.  Croy was charged with one count of felony interference with a peace officer under Wyo. Stat. Ann. § 6-5-204(b).

[¶4]    On November 13, 2012, in exchange for the State agreeing to recommend probation as well as dismissing a different pending case, Croy pled no contest to the interference charge.  On Croy's motion to modify bond, Croy was released on his own recognizance and allowed to travel to Oregon to visit his ailing mother.  The court scheduled sentencing for March 4, 2013, but it was delayed three times because Croy filed two continuances and failed to appear another time.  Eventually, sentencing took place on September 16, 2013.  At sentencing, the court was to address both a motion of revocation and sentencing, but the State chose not to pursue revocation.  The State stood by their original plea agreement at the sentencing hearing and recommended a three to five year sentence which would be suspended and Croy would be placed on probation. The district court disregarded this recommendation and instead sentenced Croy to incarceration of three to six years.

1

[¶5]    The district court judge expressed several concerns with Croy's alcohol problems, specifically in regard to Croy's 11 recorded DUIs:

> Mr. Croy, what am I going to tell the mother of the child you kill when you're out drinking and driving? What am I going to tell her when she comes in and says, [']Great job, Judge . . .; he had 11 convictions for driving while impaired or while under the influence. How could you possibly put him back on the street?['] What am I going to tell her?

Croy responded by stating that he did not have a license or a vehicle. Croy stated he would stop himself from drinking in the future, to which the court replied, "But you haven't in the past. There has never been a time when you didn't drink. I'm sorry, Mr. Croy, I'm not going to take a chance." The court continued:

> I know you won't drink and drive when you're in prison. I have a guarantee of that. I have absolutely no guarantee – and I don't doubt your sincerity; I don't doubt your honesty that you have changed –
>
>     . . . .
>     [but] I have a responsibility to our community, to my community, to the people sitting out here –
>
>     . . . .
>     − to take every step I can to keep you from drinking and driving. And as I say, I don't doubt your sincerity. But you yourself have told me that alcohol is addictive. And that means you have no control over whether or not you drink again, because you are addicted. You are an alcoholic.
>     And I understand that that's a disease. And you have had repeated opportunities to have that disease treated, and you decided not to go through with it. I have very little reason to believe that this time is different. Because you have gone through – your son was killed by a drunk driver. That didn't stop you from drinking and driving. I don't think anything will.
>     I'm not willing to take that risk. Because I have that responsibility to keep you from doing that. And I'm glad to hear you say that, regardless of what I do, you are still going to go through and complete that program, because that's my only sustenance. But I am not going to take the chance that you will get a 12th DUI and in the process kill or hurt somebody, including yourself.

2

I'm obliged to put on the record why I'm not going to put you on probation. I hope it's clear from the record that I'm doing it because of your 30-year history of drinking and driving, and of being so drunk you don't even remember what the guy looked like that you assaulted.

After discussion regarding facts of the case and defense counsel advocating on behalf of Croy, the court issued its sentence:

I've carefully reviewed . . . the presentence report, including the 10 pages of your criminal history which reflects that you have repeatedly committed crimes while on probation for crimes previously committed. . . .

. . . .

There was another comment that's in your presentence report: The client will have excuses as to why he cannot attend sessions on a regular basis.

The court then sentenced Croy to a term of three to six years of incarceration in the Wyoming State Penitentiary. This appeal followed.

## STANDARD OF REVIEW

[¶6]    A district court is given broad discretion when it comes to sentencing dispositions:

We review a district court's sentencing decisions for abuse of discretion. *Roeschlein v. State*, 2007 WY 156, ¶ 17, 168 P.3d 468, 473 (Wyo. 2007). A sentence will not be disturbed because of sentencing procedures unless the defendant can show an abuse of discretion, procedural conduct prejudicial to him, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play. *Id.* An error warrants reversal only when it is prejudicial and it affects an appellant's substantial rights. *Id.* The party who is appealing bears the burden to establish that an error was prejudicial. *Id*.

*Magnus v. State*, 2013 WY 13, ¶ 24, 293 P.3d 459, 467-68 (Wyo. 2013) (quoting *Joreski v. State*, 2012 WY 143, ¶ 10, 288 P.3d 413, 416 (Wyo. 2012)).

3

**DISCUSSION**

[¶7]     This Court has demonstrated many times in recent years that it is a very difficult bar for an appellant to leap seeking to overturn a sentencing decision on an abuse of discretion argument.  *E.g.*, *Noller v. State*, 2010 WY 30, 266 P.3d 867 (Wyo. 2010); *Sandoval v. State*, 2009 WY 121, 217 P.3d 393 (Wyo. 2009); *Hubbard v. State*, 2008 WY 12, ¶ 19, 175 P.3d 625, 629 (Wyo. 2008) (stating the burden "is an arduous one"); *Smith v. State*, 2005 WY 113, 119 P.3d 411 (Wyo. 2005).  This is due in large part to precedent allowing a sentencing court the ability to consider a wide range of factors when imposing a sentence:

> [District courts] are free, in the exercise of their sentencing discretion, to consider victim impact statements, PSI's and other factors relating to the defendant and his crimes in imposing an appropriate sentence within the statutory range. *Garcia v. State*, 2007 WY 48, ¶ 10, 153 P.3d 941, 944 (Wyo. 2007), citing *Smith v. State*, 2005 WY 113, ¶ 37, 199 P.3d 411 at 422.

*Joreski* ¶ 13, 288 P.3d at 417.  In this case, the district court was statutorily allowed to issue a sentence of up to ten years.  Wyo. Stat. Ann. § 6-5-204(b) (LexisNexis 2013).  By sentencing Croy to three to six years of imprisonment, the sentence was at the very least within the statutorily allowed range.  This Court has given additional language that is relevant to Croy's sentencing regarding the factor of the presentence report:

> [A] sentencing recommendation contained in a PSI [Presentence Investigation] is one of the factors that a court may properly consider in determining the appropriate sentence to impose.

*Duke v. State*, 2009 WY 74, ¶ 15, 209 P.3d 563, 569 (Wyo. 2009).  The district court listed the careful review of Croy's presentence report as reason for the incarceration.  Although the district court did not specifically state it at the sentencing disposition, the presentence report recommended incarceration instead of probation due to reasons similar to those the court listed.

[¶8]     Another factor district courts may consider upon sentencing is the defendant's previous criminal history:

> [E]vidence of prior criminal activity is 'highly relevant to the sentencing decision . . .' and may be considered by the court

4

despite the fact that no prosecution or conviction may have resulted.

*Mehring v. State*, 860 P.2d 1101, 1117 (Wyo. 1993), citing *United States v. Hill*, 688 F.2d 18, 20 (6th Cir. 1982). In Croy's sentencing, the previous DUIs were clearly an issue for the district court and a factor which gave the court great concern. Although Croy was not being convicted for drinking and driving in this case, Croy was intoxicated at the time of this arrest. This Court agrees with the State that alcohol being involved in this arrest shows some relation between the present case and the previous DUIs. Safety of the community should always be among the considerations for the district court when sentencing a defendant. Croy's previous 11 DUIs evidence a clear risk to the safety of the community. By making a connection between the current offense and the previous DUIs, the court properly addressed the safety of the community. With deference to the district court in mind, it was not inappropriate to mention the previous convictions of DUIs.

[¶9] This Court has described four well-recognized purposes for sentencing: 1) rehabilitation, 2) punishment, 3) deterrence, and 4) removal from society. *Wright v. State*, 670 P.2d 1090, 1093 (Wyo. 1983). With regard to the last purpose, this Court has stated "[r]emoval from society may be necessary to prevent continued criminal action by an individual." *Id*. As the State acknowledged, the court in this case considered many different factors during sentencing. Among the factors considered by the court were: review of the presentence report, previous criminal history, committing crimes while on probation in the past, the possibility of future drinking and driving, safety of the community, failure to complete alcohol treatment in the past (with the addition of listing excuses for not completing them), and the fact that the offense in front of the court had alcohol involved. Many of those factors include previous criminal activity and risk of future criminal activity. By sentencing Croy to incarceration, the district court was preventing continued criminal activity.

## CONCLUSION

[¶10] We conclude that the district court did not abuse its discretion at sentencing when considering Croy's criminal history, such as previous DUIs, with safety of the community in mind. Affirmed.

5